UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNY ADAMS #336245 | CIVIL ACTION NO. 17-cv-1110 |
| VERSUS | CHIEF JUDGE HICKS |
| KEITH DEVILLE, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Kenny Adams filed this civil rights action against prison officials at the Winn Correctional Center based on claims of improper medical care. Plaintiff later filed an amended complaint that added new defendants.

Plaintiff filed service returns for new defendants Fuller, Hamilton, and Hearn[1] in July 2019. The returns indicated that service had been accomplished in June, with an answer due July 1, 2019. The court contacted the office of the Attorney General, who represented other defendants in the case, on August 29, 2019 and inquired whether the Attorney General would be filing answers for those defendants. Nothing happened afterward, and Plaintiff obtained an entry of default in October 2019. Doc. 54.

Defaulted defendants Fuller, Hearn, and Hamilton soon filed a Motion to Set Aside Default (Doc. 55) that is now before the court. The motion represents that the relevant defendants are current or former employees of the DOC, an agent accepted service on their behalf, but there was then a mix-up (due to no fault of the actual defendants) regarding who

---

[1] The amended complaint listed "Dr. Pamela Hearns" as a defendant physician employed at David Wade Correctional Center. This was likely intended to refer to Dr. Pamela Hearn, who has been a frequent defendant in DOC and DWCC medical care cases.

would represent them in the case. That issue was not resolved until October 9, 2019, and counsel was assigned to the case on October 10, 2019, a week after default was entered and three months after an answer was due.

Defaults are generally disfavored, and the court may set aside an entry of default for good cause. To decide if good cause exists, the court looks to three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. <u>Koerner v. CMR Construction & Roofing, LLC</u>, 910 F.3d 221, 225 (5th Cir. 2018).

There is no indication that the default in this case was willful on the part of the actual defendants, as opposed to the government agency responsible for providing them with representation. There is no indication that setting aside the default would prejudice Plaintiff, who has not filed any opposition to the motion to set aside. Defendants have not specifically argued that they have a meritorious defense, but the other defendants in this case have generally denied the allegations, and prison officials often prevail in similar litigation due to the demanding standards to establish an Eighth Amendment violation. Accordingly, the court finds that good cause exists, and the **Motion to Set Aside Default (Doc. 55)** is **granted**. The **clerk is directed to set aside the default (Doc. 54)**, and defendants Fuller, Hamilton, and Hearn are ordered to file a response to the amended complaint by **November 18, 2019**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of November, 2019.

Mark L. Hornsby
U.S. Magistrate Judge