**UNITED STATES DISTRICT COURT**
**WESTERN DISTRCIT OF LOUISIANA**
**SHREVEPORT DIVISON**

| | |
|---|---|
| KENNY ADAMS | CIVIL CASE NO. 17-1110 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN KEITH DEVILLE; MEDICAL DIRECTOR R.N. PRICE; N.P. KATHLEEN RICHARDSON; DR. BRUCE FULLER; DR. PAMELA HEARNS; and NURSE L. HAMILTON | MAGISTRATE JUDGE HONRSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Judgment on the Pleadings (Record Document 82) filed by Defendants Dr. Raman Singh, Dr. Bruce Fuller, Dr. Pamela Hearns, and Nurse Laveyca Hamilton ("The Medical Defendants"). The Motion seeks to dismiss all negligence/medical malpractice claims against the Medical Defendants for lack of subject matter jurisdiction. Plaintiff, Kenny Adams ("Adams"), opposes the Motion. See Record Document 86. For the following reasons, the Motion is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

In February 2016, Adams began complaining of a severe earache. At the time, he was an inmate housed in the Winn Correctional Center. He received initial treatment there in the facility's infirmary before he was transported to LSU Medical Center for specialist treatment. Over the course of a year, his condition worsened, and he suffered numerous additional ailments for which he sought treatment from Medical Defendants Dr. Singh and

---

[1] As with a Rule 12(b)(6) Motion to Dismiss, the Court must accept all factual allegations as true. See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co., 937 F.2d 274, 279 (5th Cir. 1991). The facts set forth in the factual background are drawn from the Amended Complaint and shall not be taken as binding factual findings made by the Court.

1

Dr. Hearn.[2] Adams was then transferred to David Wade Correctional Center where he encountered Medical Defendants Dr. Fuller and Nurse Hamilton. His conditions continued to deteriorate with little to no relief administered by the Medical Defendants. Adams alleges the Medical Defendants caused delay in treatment, refused to schedule and comply with surgery recommendations, and exhibited an overall indifference to his well-being.[3] To date, Adams has lost hearing in his right ear and he continues to suffer from many of his original medical ailments. He contends that he experienced such severe medical injuries because the Medical Defendants' denied him care.

Adams filed the instant suit on September 4, 2017. On November 15, 2019, he filed an Amended Complaint (Record Document 47) in which he seeks recovery under 42 U.S.C. § 1983 against the Medical Defendants for violation of his Eighth Amendment right to be free of cruel and unusual punishment in addition to requesting damages under the theory of general negligence. Adams' negligence claims are the subject of the Medical Defendant's Motion for Partial Judgment on the Pleadings.

## LAW AND ANALYSIS

**1. Federal Rule of Civil Procedure 12(c)**

A motion for judgment on the pleadings follows the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Central to the analysis is whether, when viewing the facts in the light most favorable to the nonmovant, the complaint states a valid claim for relief. See Hughes v. The Tobacco Inst., Inc., 278 F.3d 417, 420 (5th Cir.

---

[2] According to his Amended Complaint (Record Document 47), he suffers from high blood pressure, an infection in his index finger, hemorrhoids, osteoma, a tumor in his right ear, and swelling in his legs.
[3] When the Medical Defendants refused him treatment, Adams sought relief by filing numerous Administrative Remedy Procedure requests. However, Adams explains that these reports were dropped because of threats he received from the Medical Defendants.

2001). The Medical Defendants specifically request this Court review the jurisdictional validity of Adams' negligence claims and ask the Court to dismiss the claims for lack of subject matter jurisdiction. While dismissal for lack of jurisdiction is better evaluated under Federal Rule of Civil Procedure 12(b)(1), Rule 12(h)(3) requires a court to dismiss an action if at any time the court finds it lacks subject matter jurisdiction. See F. R. Civ. Pro. 12(h)(3). Rule 12(c) permits a party to raise such a jurisdictional issue after the pleadings are closed.

## 2. Analysis

The Medical Defendants argue this case is virtually a replica of Poe v. Fuller, No. 17-913, 2019 WL 4194292 (W.D. La. 09/03/2019). There the district court was faced with the identical question of whether it had subject matter jurisdiction to decide the merits of the plaintiff's negligence claim against two defendant doctors. While the motion in Poe was one for summary judgment, this Court believes the analysis is instructive.

The first argument advanced by the Medical Defendants is that Adams' negligence claims are in fact for medical malpractice governed by the Malpractice Liability for State Service Act ("MLSSA") because they are against "state healthcare providers."[4] The act

---

[4] According to the statute applicable at the time Adams was imprisoned, a "state health care provider" includes:
    1)[T]he state or any of its departments ... which may provide any kind of health care whatsoever, and the officers, officials, and employees thereof when acting within the course and scope of their duties in providing health care in connection with such state entity; [or]
    2) A person acting in a professional capacity in providing health care services, by or on behalf of the state, including but not limited to a physician…
        (aa) Acting within the course and scope of his employment pursuant to a contract with the state, which contract specially names that health care provider and designates him to render such health care services, pursuant to a staff appointment to a state hospital or other state health care facility, or pursuant to an assignment to render such health care services for or on behalf of the state, without regard to where the services are performed, whether or not he is paid for such services.
        (bb) Performing voluntary professional or telemedicine services in a health care facility or institution for or on behalf of the state.

defines "medical malpractice" as "the failure to exercise the reasonable standard of care…in the provision of health care, when such failure proximately causes injury to a patient…." La. Stat. Ann. § 40: 1237.1(A)(4). The Louisiana Supreme Court has employed six factors to determine whether a particular claim falls under this definition:

1. whether the particular wrong is 'treatment related' or caused by a dereliction of professional skill,
2. whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached,
3. whether the pertinent act or omission involved assessment of the patient's condition,
4. whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform,
5. whether the injury would have occurred if the patient had not sought treatment, and
6. whether the tort alleged was intentional.

Coleman v. Deno, 2001-1517, at *14-15 (La. 1/25/02); 813 So.2d 303, 315-16.

Adams specifically alleges nine instances of negligence committed by the Medical Defendants:

1. Medical ignorance where the ear infection failed to respond to initial treatment;
2. Medical ignorance in failing to recognize symptoms were more serious than a simple ear infection;
3. Disregarding the medical orders of a specialist and treating physician while supplanting their own untrained medical opinions and treatment plan;
4. Ignorance and/or failure to follow the rules and regulations in place to protect the health and safety of an inmate;
5. Blocking and denying an inmate access to medical care;
6. Practicing medicine without a license;
7. Failure to obtain a doctor's order prior to or in the alternative withholding medication prescribed by a specialist and surgeon;
8. Failure to provide any safety precautions; and
9. Inattentiveness and recklessness in providing medical treatment.

See Record Document 47. There is no question that each of Adams' allegations pertain to the assessment and treatment, or lack thereof, of his medical condition. In fact,

---

Act of July 3, 2008, No. 717, 2008 La. Acts (amending La. Stat. Ann. § 40:1299.39(A)(1)(a)(ii) (recodified at La. Stat. Ann. § 40:1237.1(A)(9)(a)(ii)).

according to Adams, the actions of the Medical Defendants are more akin to a "dereliction of professional skill." Record Document 47. Adams argues he lost his hearing and his condition worsened because of the omissions by the Medical Defendants suggesting he would not have suffered such severe injuries if he had not sought treatment from them. Furthermore, though the merits of such claims are not before the Court now, it is clear that any future evaluation of Adams' claims will require the Court to rely on a standard of care established by expert medical evidence. For these reasons, the Court believes Adams' claims of negligence are classified as medical malpractice claims and thus fall under the purview of the MLSSA.[5] From this point forward, the Court will refer to any and all Adams' claims sounding in negligence as medical malpractice claims.

The Court next turns to the Medical Defendants' second argument. They contend this Court lacks subject matter jurisdiction because the State of Louisiana is an indispensable party under the MLSSA, yet, the State cannot be joined in federal court because of its Eleventh Amendment sovereign immunity. Again, the Medical Defendants point to Poe to support their argument. Judge Foote relied on the Louisiana Supreme Court's decision that if a court finds a state health care provider committed medical malpractice under the MLSSA, "judgment must be entered for the successful claimant against the state alone." Detillier v. Kenner Regional Medical Center, 2003-3259 at *16, (La. 07/06/04); 877 So.2d 100, 111. The Medical Defendants underscore that this holding by Louisiana's highest court means that they are immune from judgment under the MLSSA. The State of Louisiana is the only party answerable for damages. See Stewart v. Gusman, No. 07-4132, 2009 WL 10679822, at *3 (E.D. La. 01/05/09).

---

[5] Notably, there is no opposition to the Medical Defendants' classification as "state healthcare providers."

Adams contends that because joinder of a party is purely procedural, the federal rules govern the analysis, not the state court's decision of who must be joined in a suit. Adams argues his malpractice claims are properly before this Court under Federal Rule of Civil Procedure 18 and supplemental jurisdiction under 28 U.S.C. § 1367. See Record Document 86 at 3. Adams is correct that this Court may exercise jurisdiction over state law claims in conjunction with federal law claims under his cited rules. However, according to the Louisiana Supreme Court, Adams has essentially sued the wrong person by failing to sue the State of Louisiana. The Court in Poe underscored this point by applying Louisiana law to determine who may be sued while using the federal rules to navigate how to join them. Federal Rule of Civil Procedure 19 requires all necessary parties, or those parties in whose absence, "the court cannot accord complete relief among existing parties," be joined in the litigation. Fed. R. Civ. P. 19(a)(1)(A). The Court concludes that based upon the Louisiana Supreme Court's interpretation of the MLSSA, the State of Louisiana is a required or necessary party without which Adams cannot recover from the Medical Defendants for their medical malpractice.

In reaching this conclusion, the Court encounters the crux of the Medical Defendants' argument—though the State must be joined, Eleventh Amendment sovereign immunity prevents joinder. It is well established that "suit by private parties to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." Poe, 2019 WL 4194292 at *8, quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974). This issue was previously addressed in Stewart and Poe where both district courts found that because the State of Louisiana is the only party answerable to the damages alleged under the MLSSA, the claims against the State cannot proceed

6

under the Eleventh Amendment. Furthermore, there is no provision waiving immunity in the MLSSA. Because joinder of the State of Louisiana is impossible, the Court now must consider whether Adams' medical malpractice claims may continue without joining the State as a party under Rule 19.

This analysis calls for four factors:

1. the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties.
2. the extent to which any prejudice could be lessened or avoided by:
    a. protective provisions in the judgment.
    b. shaping the relief; or
    c. other measures;
3. whether a judgment rendered in the person's absence would be adequate; and
4. whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Clearly, there is no prejudice against the State since it cannot be joined as a party, but without the State, Adams is largely at risk for prejudice because he has no method of recovery for the medical malpractice claims. Similarly, the Medical Defendants will be unnecessarily subjected to scrutiny without the potential for a resolution. What's more, because entry of judgment is contingent upon the State's presence, there is no way to fashion relief for the medical malpractice claims to lessen the prejudice against the remaining parties. However, Adams does have an alternative outlet for relief against the Medical defendants through his remaining claims under 42 U.S.C § 1983 and the Eighth Amendment. The Court finds that because the State of Louisiana is an indispensable party to the medical malpractice claims, such claims must be **DISMISSED WITHOUT PREJUDICE**. Adams' remaining claims under 42 U.S.C § 1983 and the Eighth Amendment may proceed.

## **CONCLUSION**

For the foregoing reasons,

The Motion for Judgment on the Pleadings by the Medical Defendants (Record Document 82) is **GRANTED**.

Any and all claims sounding in negligence set forth in Adams' Amended Complaint (Record Document 47) are **DISMISSED WITHOUT PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 17th day of May, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT